**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| David Grossman & Associates PLLC and Dank Capital Sapi DE CV<br>Plaintiffs,<br><br>V.<br><br>*Kernan and Associates Law Group*<br><br>Defendants. | Case No. 2:23-cv-08231-NJC-LGD<br><br>PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION OR OTHER EQUITABLE RELIEF SHOULD NOT ISSUE |

Plaintiffs collectively filed a Complaint and contemporaneous Motion by Order To Show Cause upon Notice. The Complaint alleged significant financial damages upon defendant's breach of contract among other claims.

The motion seeks equitable interim relief and specifically requests issuance of an Order directing delivery of $4,500,000 currently in DAVID GROSSMAN & ASSOCIATES PLLC'S IOLTA account xxx9077 to Plaintiff DANK CAPITAL SAPI DE CV, free and clear of any encumbrances; and, pending such ultimate determination of the motion requests that the currently restrained $4,500,000 at Plaintiff PLLC's IOLTA account xxx9077 should be either:

a. delivered to Plaintiff DANK CAPITAL SAPI DE CV upon the posting of a bond; or
b. deposited with this Court pursuant to Rule 67 of the Federal Rules of Civil Procedure;

FURTHER THE MOTION SEEKS PURSUANT TO RULE 65B FOR THIS TO COURT TO ISSUE AN ORDER DIRECTING THE PARTIES AND RESPONDENTS TO MAINTAIN THE STATUS QUO AND NOT MOVE OR DIRECT OTHERS TO MOVE THE FUNDS IN PLAINTIFF DAVID GROSSMAN & ASSOCIATES IOLTA AT BANK OF AMERICA ACCOUNT XX9077.

1. This Court has jurisdiction over the subject matter of this case based upon diversity.
2. There is good cause to believe it will have jurisdiction over all the parties hereto, and venue in this district is proper.

3. There is good cause to believe Defendant engaged in acts or practices that violated its agreements with Plaintiffs and that Plaintiffs are therefore likely to prevail on the merits of this action.

4. As detailed in the Affidavit of Plaintiff Dank it is suffering ongoing worsening harms. The funds currently restrained without notice or due process will eventually be ruinous to Dank if the bank hold is not lifted and funds paid over to Dank.

5. Further as detailed in the motion there is good cause to believe absent intervention of this Court the funds will be seized without notice or due process. Mysteriously the funds have been restrained without notice or due process.

6. Over 4.5 million dollars has been paralyzed in an attorney operated New York State IOLTA bank account without even a letter being issued from the bank. We only have an email from a Federal Agent and another email purportedly from a bank investigator.

7. New York State Court will have no jurisdiction once the Secret Service and United States Attorney get involved in any Court proceeding. As such this Court is the only Court capable of adjudicating this matter.

8. There is good cause to believe Plaintiff law firm will suffer immediate and irreparable harm if the $4.5 million USD is not restrained by Order of this Court because the funds must be safeguarded until a proper determination can be made who should receive the funds. Plaintiffs contend the funds are theirs and if lost there will be irrecoverable consequences. The Secret Service asserts the funds belong to unknown others. Meanwhile the IOLTA is completely paralyzed in an amount in excess of the disputed amount with no end in sight Dank remains deprived use of the funds and the law firm deprived use of its IOLTA account.

9. There is good cause to believe immediate and irreparable damage to the Court's ability to grant effective final relief to Plaintiffs in this case if the parties suffer catastrophic consequences at the beginning of the case.

5. Weighing the equities and considering Plaintiffs' likelihood of ultimate success, a temporary restraining order securing the subject funds would be in the public interest; and

6. We request that the TRO be issued for the minimum period sufficient so the funds can be securely transferred to either Dank upon posting of a bond or to this Court pursuant to FRCP 67 as this Court may direct.

7. The funds should not remain in the IOLTA because having them there is subjecting the firm to the 'mystery hold' which has become paralyzing to the firm.

8. FRCP 65 specifically permits and contemplates the requested relief and provides the framework for granting the requested Order.

9. It requires a showing of the following:

> (d) CONTENTS AND SCOPE OF EVERY INJUNCTION AND RESTRAINING ORDER.
>
> (1) *Contents.* Every order granting an injunction and every restraining order must:
>
> (A) state the reasons why it issued;
>
> (B) state its terms specifically; and
>
> (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

10. <u>The reasons why:</u> As detailed above the Plaintiffs are being harmed and suffering worsening harms. There is imminent risk the funds will vanish from the IOLTA which will be catastrophic and only this Court can safeguard the funds and maintain the status quo.

11. <u>The term</u>: ten days should be sufficient time for the funds to be moved from the IOLTA to either Dank upon the positing of a bond or this Court as it may direct.

12. <u>The acts restrained</u>: removal of the $4.5 million USD in the subject IOLTA until further order of this Court.

13. Next the FRCP further requires we state:

(2) *Persons Bound*. The order binds only the following who receive actual notice of it by personal service or otherwise:

(A) the parties;

(B) the parties' officers, agents, servants, employees, and attorneys; and

(C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

14. The proposed Order to Show Cause identifies the parties and the named respondents as the involved participants to be restrained.

15. As such the requirements of FRCP 65 have been satisfied and a Preliminary Injunction or TRO should issue for the minimum time so the subject funds can be removed from the IOLTA.

16. Similarly FRCP 67 permits the other relief requested, namely transfer if the subject funds to this Court. Plaintiffs prefer delivery of the funds to Dank upon posting of a bond. If the Court disagrees or if no bond is secured then the funds should properly be delivered to this Court pursuant to FRCP 67 which provides:

Rule 67. Deposit into Court

(a) Depositing Property. If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

17. First of all – part of the relief sought is money.

18. Next the rule requires "a party—on notice to every other party and by leave of court" has been satisfied by serving all moving papers and the filing of this application.

19. Third – the rule states "may deposit with the court all or part of the money or thing, whether or not that party claims any of it."

20. As such the rule is applicable here. The rule applies regardless of whether it is brought upon the request of a litigant and is intended to safeguard funds. These funds are in danger of

vanishing somehow from an IOLTA at Bank of America.

21. Upon the plain language of FRCP 67, and for the reasons detailed above, we respectfully request the motion by Order to Show Cause be Signed and scheduled, and that a Preliminary Injunction or TRO issue, that the funds be temporarily transferred to Dank upon the posting of a Bond or transferred to this Court without Bond pursuant to FRCP 67, and ultimately for a determination the funds belong to Plaintiffs free and clear of liens or encumbrances.

Dated: West Islip, New York
November 26, 2023

_______________________________

David Grossman Esq
Kelly Grossman & Kerrigan PLLC
For Plaintiffs
1248 Montauk Highway
West Islip NY 11795
T 631-864-5585
C 631-459-9241
E dgrossman@kgkfirm.com